Lauriat, J.
The defendant in this action, Home Depot, U.S.A., Inc. (“Home Depot”), has moved for summary judgment in its favor on the G.L.c. 93A claim brought by the plaintiffs, Lisa McGonagle and Paul Cass (“McGonagle" and “Cass”). McGonagle and Cass have cross-moved for summary judgment in their favor on their G.L.c. 93A claim. For the following reasons, Home Depot’s motion for summary judgment is denied, and McGonagle and Cass’ motion for summary judgment is allowed.
BACKGROUND
The undisputed facts are as follows. On May 1, 2000, the Massachusetts Department of Revenue (“the DOR”), amended regulation 830 C.M.R. §64H.1.4, which, as amended, provides that:
[i]f a vendor offers customers, upon presentation of a manufacturer’s or retailer’s coupon, a discount from the usual price of merchandise, the amount of such discount is excluded from the sale price of tangible personal property upon which the sales tax is based, regardless of whether the retail vendor receives any reimbursement from the manufacturer, supplier, or distributor.
From May 1, 2000 to March 31, 2001, Home Depot continued to charge Massachusetts consumers sales tax on the portion of the purchase price' of its merchandise that was attributed to the manufacturers’ coupons.[1] Between these dates, Home Depot has accepted approximately 3,755 manufacturer coupons with a face value of $4,499.64. The sales tax withheld and attributable to these coupons is approximately $224.98, and Home Depot has paid all of these taxes to the DOR.[2]
On February 16, 2001, Home Depot issued new instructions pertaining to transactions in Massachusetts stores involving manufacturers’ coupons. These instructions were to take effect on March 31,2001. On March 21, 2001, McGonagle and Cass filed a Class Action Complaint in Middlesex Superior Court against Home Depot.[3]
DISCUSSION
Summary judgment will be granted when there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner *488 of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles it to judgment in its favor as a matter of law. Pederson v. Times, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motor Corp., 410 Mass. 706, 716 (1991).
Massachusetts General Laws c. 93A, §2 provides: “(a) [u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.. . (c) The attorney general may make rules and regulations interpreting the provisions of subsection 2(a) of this chapter ...” The Attorney General’s authority to promulgate such regulations has been upheld and his regulations have been given the “force of law.” See Purity Supreme, Inc., v. Attorney General, 380 Mass. 762, 775 (1980). One regulation promulgated pursuant to the Attorney General’s authority is 940 C.M.R. §3.16(3), which states:
[without limiting the scope of any other rule, regulation, or statute, an act or practice is a violation of G.L.c. 93A, §2 if ... (3) [i)t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection.
(Emphasis added.)
McGonagle and Cass assert that Home Depot violated G.L.c. 93A since it has violated 830 C.M.R. §64H. 1.4(2), and 940 C.M.R. §3.16(3). Home Depot contends that the DOR regulation was not enacted to protect the public welfare, but to eliminate the confusion of prior DOR policy regarding the distinction between manufacturer and retailer coupons, thus no violation of c. 93A has occurred.
In determining whether a violation of the DOR regulation is a violation of G.L.c. 93A, the court has compared other regulations with 940 C.M.R. §3.16(3). The court concludes that the DOR regulation is similar to other regulations that have been determined to fall within the meaning and scope of 940 C.M.R. §3.16(3) .[4] See e.g., MacGillivary v. W. Dana Bartlett Insurance Agency, 14 Mass.App.Ct. 52, 60-61 (1982) [violation of a criminal statute by an insurance agent was also a violation of 940 C.M.R. §3.16(3)); Piccuirro v. Gaitenby, 20 Mass.App.Ct. 286, 290 (1985) (defendant’s violation of the environmental code was a violation of 940 C.M.R. §3.16(3)).
Next, the court must consider the phrase “public welfare.” A court must interpret a statute according to its “plain meaning, especially in the absence of any evidence of legislative or administrative intent.” Purity Supreme Inc., 380 Mass. At 782. In the matter before the court, there is no legislative or administrative guidance in defining public welfare. Therefore, the court will rely upon the usual and common definition of public welfare, which is, “[a] society’s well-being in matters of health, safety, order, morality, economics, and politics.” Black’s Law Dictionary 1588 (7th ed. 1999).
Along with the definition of public welfare, the court will also look to the intent of the DOR in amending its regulation. In the DOR’s press release, dated May 1, 2000, it explained that the amended regulation would “eliminat[e] the confusing nature of the current policy.” The DOR further explained, that the “effect of the change will be that retail customers will pay less sales tax in many situations.” The court concludes that this amendment is intended for the public’s economic benefit, thus for the public welfare.
Under these circumstances, the court concludes, as a matter of law, that Home Depot violated the DOR’s regulation as amended on May 1, 2000, and that such a violation falls within the Attorney General regulations, 940 C.M.R. §3.16(3). Therefore, Home Depot’s conduct constitutes a violation of G.L.c. 93A, §2.
ORDER
For the foregoing reasons, Defendant’s Motion for Summary Judgment is DENIED, and Plaintiffs’ Cross-Motion for Summary Judgment is ALLOWED.

On November 29, 2000, McGonagle purchased batteries at the Somerville location with a $1.00 coupon where she was charged sales tax on the pre-rebate purchase price. On December 20, 2000, McGonagle purchased batteries at the Danvers location with a $1.00 coupon and was charged sales tax on the pre-rebate purchase price. On February 10, 2001, Cass purchased from the Quincy location, light bulbs with a $5.00 coupon and was charged sales tax on the pre-rebate purchase price.

This fact has been sworn to by affidavit from Mark Russo, the senior tax accountant employed with Home Depot. This fact is not material for summary judgment. However, the affidavit is taken as true, even though McGonagle and Cass have not deposed him, because discovery and depositions were to be completed by August 31, 2002.

Home Depot challenges McGonagle and Cass’ class certification since they have not yet filed a motion for certification. At this time, the court will not address the class certification issue.

Home Depot relies upon Shipps v. Compass Group, U.S.A., Civil No. 02928 (Middlesex Super. Ct. Jan 11, 2002) (Houston, J.) (14 Mass. L. Rptr. 236). However, this decision was vacated on September 23, 2002, pursuant to Defendant’s Motion for Reconsideration, and Defendant’s Motion for Summary Judgment was allowed on all counts (15 Mass. L. Rptr. 299). For this reason, the court will not address the arguments presented by the parties regarding the analysis in Shipps.