WILLIAM W. KNIGHTS *vs.* TREASURER AND RECEIVER GENERAL.

Worcester. December 8, 9, 1920. — March 2, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Constitutional Law,* Taxation, Distribution of income tax, Equal protection of laws. *Tax,* On income.

A tax assessed under the provisions of St. 1916, c. 269, §§ 2, 5 (b), and St. 1919, c. 324, is not a betterment tax.

The additional tax authorized by St. 1919, c. 324, is a general tax.

Article 44 of the Amendments to the Constitution of the Commonwealth, conferring upon the General Court power to levy taxes at different rates upon incomes derived from different classes of property but at a uniform rate upon income from the same class of property, also grants power to change the rate of the tax from time to time as the public welfare may require.

Income taxes authorized under the power given to the General Court by art. 44 of the Amendments to the Constitution of the Commonwealth need not be proportional or equal; they need only be reasonable and uniform, if otherwise in conformity to the Constitution.

St. 1919, c. 363, providing for a distribution from the income tax of sums sufficient to reimburse the cities and towns for certain expenditures for the support of public schools, provides for an appropriation of public money for a public purpose and is constitutional.

The distribution of public moneys in way of expenditures either directly by State officers or indirectly through county, city, town, or district officers need not be

according to any principle of apportionment or equality other than such as commends itself to the wisdom of the General Court.

St. 1916, c. 269, §§ 2, 5 (b), and St. 1919, c. 324, and St. 1919, c. 363, provide for the raising of additional general revenue to meet additional general expenses of government, and do not provide for the levying of a tax upon a certain limited class of property and upon certain limited classes of incomes for a particular public purpose.

The fact that the distribution of public money to the several cities and towns for public uses under St. 1919, c. 363, was not included in the budget contravenes no provision of art. 63 of the Amendments to the Constitution requiring a State budget.

PETITION, filed in the Supreme Judicial Court on October 25, 1920, for a writ of mandamus directed to the Treasurer and Receiver General and commanding him not to distribute or pay over in accordance with the provisions of St. 1919, c. 363, any portion of the tax for the year 1920 or for the year 1921 raised from the petitioner under the provisions of St. 1916, c. 269, or St. 1919, c. 324.

The respondent demurred. The case was reserved by *Pierce, J.,* upon the petition and the demurrer for determination by the full court.

*P. Nichols,* for the petitioner.

*M. C. Teall,* Assistant Attorney General, (*E. H. Abbot, Jr.,* Assistant Attorney General with him,) for the respondent.

RUGG, C. J. The petitioner seeks by this petition for a writ of mandamus to test the constitutionality of certain statutes respecting the assessment and distribution of the income tax. As the case has been argued at large and as the petitioner fails to make out a case, the question of the form of remedy has not been considered. The disposition of the case will be the same in any event and therefore there appears to be no objection to stating the grounds of substantive law which lead to that result. *Browne v. Turner,* 176 Mass. 9, 12.

The material allegations of the petition, briefly stated, are that the petitioner, an inhabitant of the Commonwealth, is taxable for two classes of income made subject to taxation by the income tax law, St. 1916, c. 269, §§ 2 and 5 cl. (b), as amended; that by St. 1919, c. 324, a tax of one per cent for the year 1919 is imposed in addition to the one and one half per cent already theretofore imposed on the income described in said § 5 cl. (b); that by St. 1919, c. 363, the Treasurer and Receiver General is required to turn over to the several cities and towns of the Common-

.wealth from the income tax received under said c. 269 and its amendments a sum sufficient to reimburse them for certain expenditures for the support of public schools according to specifications there set forth.   The petitioner contends that his property thus will be taken from him without due process of law and that he is subject to unequal taxation, and that in other respects his constitutional rights are infringed.   The respondent demurred. The case was reserved for the decision of the full court.

The tax thus described in the petition is not a betterment tax. It rests upon the right of government to collect revenue sufficient for its support.   It does not depend in any degree upon a special or peculiar benefit conferred upon anybody.   The only and sufficient return which the taxpayer gets from taxes of that kind is the advantage and protection of orderly government.   The additional income tax authorized by said c. 324 is a general tax. *Illinois Central Railroad* v. *Decatur*, 147 U. S. 190, 197, 198.   It is not levied upon all the property in the Commonwealth.   But it is levied on all income of a particular class.   All the moneys levied under said c. 324 are paid into the State treasury, as are other income taxes.   All are commingled.

The general income tax law has been held to be constitutional. By art. 44 of the Amendments to the Massachusetts Constitution the General Court is given power to levy taxes at different rates upon incomes derived from different classes of property, but at a uniform rate upon income from the same class of property.   It cannot be doubted that this confers power to change the rate of the tax from time to time as the public welfare may require.   The rates first established are not immutable.   Under this amendment plainly income taxes are not required to be proportional or equal as between different validly established classes.   They need only be reasonable and uniform, if otherwise in conformity to the Constitution.   The contention of the petitioner that his tax is unequal and disproportionate is answered by the terms of the Forty-fourth Amendment, which as to income permits precisely that kind of taxation, provided it is reasonable and uniform. For that reason a considerable portion of the ground of decision in *Sears* v. *Street Commissioners*, 173 Mass. 350, is not relevant to an income tax under the Forty-fourth Amendment adopted long after that decision.   All other property taxes except those upon

income must be proportional under c. 1, § 1, art. 4 of the Constitution. *Tax Commissioner* v. *Putnam*, 227 Mass. 522. The statute here assailed levies a uniform tax upon income derived from the same class of property. It cannot be pronounced unreasonable.

It is elementary that taxes can be levied only for public purposes. Clearly popular education is a public purpose. The power of the Commonwealth to levy a tax or to appropriate public money for the support of the public schools is indubitable. *Hill* v. *Boston*, 122 Mass. 344.

The distribution of public moneys in way of expenditures either directly by State officers or indirectly through county, city, town, or district officers need not be according to any principle of apportionment or equality other than such as commends itself to the wisdom of the General Court. *Lowell* v. *Oliver*, 8 Allen, 247, 255. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42.

This record does not present a case of an additional tax rate upon a particular class of income, the proceeds of which are specifically appropriated to a definite purpose. The averment in the petition, that "as a result of the legislation hereinbefore set forth a tax is levied upon a certain limited class of property and upon certain limited classes of incomes, for a particular public purpose," when read in the light of the statutes themselves and limited as it must be by their terms, falls far short of such a case. As shown by the statute, it is a simple case of additional general revenue to meet additional general expenses of government.

The fact that the distribution of public money to the several cities and towns for public uses under said St. 1919, c. 363, was not included in the budget contravenes no provision of art. 63 of the Amendments to the Constitution requiring a State budget. *Dane* v. *Treasurer & Receiver General*, *ante*, 50.

*Petition dismissed.*