Gershengorn, J.

INTRODUCTION

The plaintiffs contend that the defendant Home Depot U.S.A., Inc. (“Home Depot”) erroneously collected sales tax on the portion of the sales price of energy efficient light bulbs attributable to Energy Federation, Inc. (“EFI”) coupons: Home Depot claims that they correctly collected sales tax on the full price of the light bulbs, not the price after the application of the EFI coupon.

DISCUSSION

General Laws c. 64H, §2 levies a tax on the gross receipts of the vendor from all taxable sales, except as provided by other provisions of the statute. “Gross receipts” is defined as “the total sales prices received by a vendor as a consideration for retail sales.” G.L.c. 64H, §1. The statute defines “sales price” as “the total amount paid by a purchaser to a vendor as consideration for a retail sale, valued in money or otherwise . . . and there shall be excluded (i) cash discounts allowed and taken on sales.” The statute does not provide a definition of “cash discounts,” however the Department of Revenue regulation, 830 CMR 64H.1.4 treats coupons issued by manufacturers or retailers as a cash discount. All “other coupons” are not deducted from the sales price subject to tax because they represent additional consideration paid to the vendor in connection with the retail sale. 830 CMR 64H. 1.4(2) (c).
On October 27, 2004, The Massachusetts Commissioner of Revenue responded to the court’s invitation and submitted an amicus curiae brief on the issue of whether the EFI coupons qualify as “cash discounts” under G.L.c. 64H and 830 CMR 64H, and as such should be applied before sales tax is charged to the consumer. The Commissioner explained that since the EFI coupons are issued and redeemed by a third party, Energy Federation, Inc., which is neither a manufacturer nor retailer of energy efficient light bulbs, the EFI coupons do not fall within the exception created by the regulation, and as such does not constitute a “cash discount” under the statute. The Commissioner opined that the Home Depot correctly calculated the sales tax, based on the full price of the light bulbs, before application of the EFI coupon.
General Laws c. 14, §6 states that the commissioner “[s]hall make . . . such reasonable regulations, not inconsistent with law, as maybe necessary to interpret and enforce any statute imposing any tax, excise or fee which is or shall be assessed or collected by the commissioner . . .” Further, G.L.c. 62C, §3 states that “(t]he Commissioner [of Revenue] may prescribe regulations and rulings, not inconsistent with law, to carry into effect the provisions of said statutes, which regulations and rulings, when reasonably designed to carry out the intent and purpose of said provisions, shall be prima facie *577 evidence of their proper interpretation.” The Commissioner was well within the scope of his authority, as delineated by the Legislature, when promulgating 830 CMR 64H and interpreting the term “cash discount.” The SJC has held that “where a case involves interpretation of a complex statutory and regulatory framework, ‘[w]e give great deference to the department’s expertise and experience in areas where the Legislature has delegated to it decision making authority.’ ” MCI Worldcom Communications, Inc. v. Dep’t of Telecommunications and Energy, 442 Mass. 103, 112 (2004), citing Stow Mun. Elec. Dep’t v. Dep’t of Public Utils., 426 Mass. 341, 344 (1997), quoting Wolf v. Dep’t of Public Utils., 407 Mass. 363, 367 (1990). This court defers to the opinion of the Commissioner as asserted in his amicus curiae brief, and agrees with the Commissioner’s conclusion that Home Depot correctly calculated the sales tax, based on the full price of the energy efficient light bulbs, before application of the EFI coupons. Therefore, Lisa McGonagle’s Motion for Summary Judgment is DENIED and The Home Depot U.S.A., Inc.’s Cross-Motion for Summary Judgment is ALLOWED.

ORDER

For the foregoing reasons, it is therefore ORDERED that plaintiff Lisa McGonagle’s Motion for Summary Judgment is DENIED and The Home Depot U.S.A, Inc.’s Cross-Motion for Summary Judgment is ALLOWED.