Henry, Bruce R., J.
The plaintiffs, a class of consumers who purchased items at the defendant, The Home Depot U.S.A., Inc.’s (“Home Depot”) Massachusetts stores using coupons between May 2000 and May 2005, allege that Home Depot charged them sales tax on the pre-discounted purchase price in violation of 830 Code Mass. Regs. §64H.1.4, an act or practice that they claim violates G.L.c. 93A. The plaintiffs argue that this court’s (Lauriat, J.) November 26, 2002, decision granting summary judgment in their favor (“2002 Opinion”) [15 Mass. L. Rptr. 487] establishes Home Depot’s liability under G.L.c. 93A, and this action is before the court on their motion for partial summary judgment as to damages on their G.L.c. 93A claim. Home Depot has filed a cross motion for summary judgment, contending that the Supreme Judicial Court’s decision in Darviris v. Petros, 442 Mass. 274 (2004), requires this court to revisit the liability issue and to enter summary judgment in its favor. For the following reasons, Home Depot’s motion for summary judgment is ALLOWED and the plaintiffs’ motion for summary judgment is DENIED.
BACKGROUND
For purposes of motions for summary judgment under Mass.R.Civ.P. 56, the court considers the facts in the light most favorable to the non-moving parties. Humphrey v. Byron, 447 Mass. 322, 325 (2006).
In November and December 2000, class representative Lisa McGonagle (“McGonagle”) purchased batteries at two Massachusetts Home Depots using a $1.00 coupon (“manufacturer’s coupon”), 2002 Opinion, at *1 n.1.[2] On both occasions, “she was charged sales tax on the pre-rebate purchase price.” Id. On August 22, 2003, in a margin order, this court (Gershengorn, J.) allowed the plaintiffs’ motion seeking certification of a subclass consisting of those consumers who used manufacturer’s coupons at Massachusetts Home Depots and were charged sales tax on the pre-rebate purchase price.[3]
DISCUSSION
The parties have filed cross motions for summary judgment under Mass.R.Civ.P. 56(c), claiming that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden *709 of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989).
The moving party may satisfy its burden either by submitting affirmative evidence negating an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). “[B]are assertions and conclusions . . . are not enough to withstand a well-pleaded motion for summary judgment.” Polaroid Corp. v. Rollins Envtl. Servs., Inc., 416 Mass. 684, 696 (1993).
I. Sales Tax in General
General Laws c. 64H (“sales tax code”) imposes “[a]n excise . . . upon sales at retail in the Commonwealth, by any vendor, of tangible personal property or of services ... at a rate of five percent of the gross receipts of the vendor from all such sales of such property or services, except as otherwise provided in this chapter. The excise shall be paid by the vendor to the commissioner [of revenue] . . .” G.L.c. 64H, §2 (2001).[4] The “gross receipt” to which the five percent sales tax is applied is “the total sales price received by a vendor as a consideration for retail sales.” G.L.c. 64H, §1 (2006 Sup.). The “sales price,” in turn, is “the total amount paid by a purchaser to a vendor as consideration for a retail sale, valued in money or otherwise.” Id.
Excluded from the sales price, inter alia, are “cash discounts allowed and taken on sales . . Id. see 830 Code Mass. Regs. §64H. 1.4(1) (“Cash discounts allowed and taken at the time of sale are excluded from the sales price of tangible personal property upon which the sales tax is based”). A “manufacturer’s coupon” is treated as a cash discount. 830 Code Mass. Regs. §64H.1.4(2)(a).[5] Therefore, when the plaintiffs presented Home Depot with their manufacturer’s coupons, Home Depot should have charged sales tax on the price of the item after subtracting the coupon amount. See id. §64H.1.4(2)(d), Example 1.
II. Reconsideration of Home Depot’s Liability
By seeking summary judgment on the plaintiffs’ G.L.c. 93A claim against it, Home Depot is effectively moving for reconsideration of the 2002 Opinion. “A judge should hesitate to undo his own work . . . Still more should he hesitate to undo the work of another judge . .. But until final judgment. .. there is no lack of power, and occasionally the power may properly be exercised.” King v. Globe Newspaper Co., 400 Mass. 705, 707 (1987) (ellipses in original), quoting Peterson v. Hopson, 306 Mass. 597, 601 (1940); see Serody v. Serody, 19 Mass.App.Ct. 411, 412 (1985) (“It does not matter that a different judge heard the question before. A judge should be reluctant to undo the work of another judge, but until final judgment there is no lack of power to do so.” (citing Peterson, 306 Mass. at 601, 603)). As final judgment has not been entered on the 2002 Opinion, this court is not prohibited from reviewing that “work of another judge.” See King, 400 Mass. at 707. In light of the Supreme Judicial Court’s decision in Darviris v. Petros, 442 Mass. 274 (2004), this court will reconsider the issue of whether a violation of the sales tax code and its regulations is a violation of G.L.c. 93A or whether the sales tax code preempts the field such that the plaintiffs are precluded from asserting a G.L.c. 93A claim.
A. 2002 Opinion
In August 2002, the parties filed cross motions for summary judgment on the plaintiffs’ G.L.c. 93A claim. The plaintiffs’ claim against Home Depot, essentially, is that “Home Depot violated G.L.c. 93A since it has violated 830 Code Mass. Regs. §64H. 1.4(2) [amended on May 1, 2000] and 940 Code Mass. Regs. §3.16(3).” 2002 Opinion, at *2. Section 3.16(3) of title 940 of the Code of Massachusetts Regulations, which the Attorney General promulgated pursuant to the authority set forth in G.L.c. 93A, §2(c),[6] provides that an act or practice violates G.L.c. 93A, §2, “if it fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safely or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection.” “In determining whether a violation of . . . [830 Code Mass. Regs. §64H. 1.4] is a violation of G.L.c. 93A,” the court made three considerations. 2002 Opinion, at *2.
First, the court compared other regulations with 940 Code Mass. Regs. §3.16(3) and concluded that 830 Code Mass. Regs. §64H. 1.4(2) “is similar to other regulations that have been determined to fall within the meaning and scope of 940 Code Mass. Regs. §3.16(3).” Id. Second, the court considered the phrase “public welfare" as it appears in 940 Code Mass. Regs. §3.16(3), and applied its “usual and common definition .. . which is, ‘[a] society’s well-being in matters of health, safety, order, morality, economics, and politics.’ ” Id. (alteration in original), quoting Black’s Law Dictionary 1588 (7th ed. 1999). Finally, the court considered the Department of Revenue’s May 1, 2000, press release in order to determine “the intent of the [Department of Revenue] in amending” 830 Code Mass. Regs. §64H.1.4. In its press release, the Department of Revenue “explained that the amended regulation would ‘eliminat[e] the confusing nature of the current policy’ ” and that “the ‘effect of the change will be that retail customers will pay less sales tax in many situations.’ ” Id. (alteration in original). From these statements, the court concluded that 830 Code Mass. *710 Regs. §64H. 1.4 “is intended for the public’s economic benefit, thus for the public welfare.” Id.
Based on these considerations, the court concluded that, as a matter of law, Home Depot violated 830 Code Mass. Regs. §64H.1.4, “and that such a violation falls within . . . 940 Code Mass. Regs. §3.16(3). Therefore, Home Depot’s conduct constitutes a violation of G.L.c. 93A, §2.” Id. As discussed below, in light of the Darviris opinion, that decision cannot stand.
B. Darviris v. Petros
In Darviris, the plaintiff alleged that the defendant, her physician, was negligent for falling to obtain her consent before performing an operation on her, and that he violated G.L.c. 111, §70E; that conduct, the plaintiff alleged, constituted an unfair or deceptive act in violation of G.L.c. 93A. 442 Mass. at 275, 277. The question before the Court in Darviris was whether “a patient who claims to be the victim of an unauthorized medical procedure [could] bring an action against her physician for unfair or deceptive practices in violation of G.L.c. 93A.” Id. at 275. Initially, the Court held that the claim itself “for negligent delivery of medical care, without more, does not qualify for redress under . . . G.L.c. 93A.” Id. at 278.
With that holding, however, the Court did not mean to place “all conduct of medical care providers . . . beyond the reach of that statute . . . [Rather,] consumer protection statutes may be applied to the entrepreneurial and business aspects of providing medical services, for example, advertising and billing . . .” Id. at 279 (citations omitted). The Court “consider[ed] the underlying nature of the claim” in order to address this theory. Id. at 280. The plaintiff argued that the defendant performed the operation for his own financial gain, but the Court held that “evidence that the treatment was more costly than another or no treatment at all is insufficient to establish an unfair or deceptive practice claim.” Id. at 281. Thus, there was “nothing in the record to suggest that any negligence by [the defendant]... concerned] any entrepreneurial or business aspect of his medical practice.” Id. at 280.
Finally, and most relevant to the issue currently before this court, the Court addressed the plaintiffs argument “that even if her surgeon were merely negligent . . . , a G.L.c. 93A claim is still viable” because the defendant’s conduct violated G.L.c. 111, §70E, a statute “meant for the protection of the public’s health, safety or welfare . . .” within the scope of 940 Code Mass. Regs. §3.16(3). Id. at 281 (second ellipses in original). Therefore, the plaintiff asserted, “eveiy violation of that statute constitutes a violation of G.L.c. 93A.” Id. The Court disagreed. Id. First, the Court pointed out that the Legislature intended for a G.L.c. 93A interpretation to be “guided by administrative and judicial interpretation of the [Federal Trade Commission] Act.” Id. (alteration in original), quoting American Shooting Sports Council, Inc. v. Attorney Gen., 429 Mass. 871, 875 (1999). As the Federal Trade Commission Act “has been applied only to the commercial aspect of medical practice[,]” the plaintiffs claim did not fall within G.L.c. 93A’s scope. Id.
Second, General Laws c. 111, §70E provides that a patient “whose statutory right is violated ‘may bring, in addition to any other action allowed by law or regulation, a civil action under [G.L.c. 231, §§60B-60E].’ ” Id. at 282 (alteration in original). Given the “exhaustive statutory scheme” of G.L.c. 231, and its “comprehensiveness[,]” the Court concluded that “the Legislature ‘covered the field of medical malpractice litigation . . .” Id. at 283 (emphasis added). Third, and most notably, G.L.c. 231, §60B provides that malpractice is “[t]he performance of a surgical procedure by a physician without the patient’s consent . . . and is subject to the procedures established by this statute.” Id., quoting Harnish v. Children’s Hosp. Med. Ctr., 387 Mass. 152, 154 (1982). To allow “a plaintiff to restate a claim, otherwise subject to the medical malpractice act, as a violation of G.L.c. 93A, would undermine the careful policy choices articulated by the Legislature.” Id.
Moreover, the medical malpractice act places a three-year statute of limitations on actions, and it does not permit punitive damages, only compensatory damages. Id. Conversely, actions under G.L.c. 93A have a four-year statute of limitations, and the statute “encourages multiple damages which ‘are essentially punitive in nature.’ ” Id. (quotation omitted). Thus, the Court held that “[e]xpanding the scope of damages available to plaintiffs who are the victims of medical malpractice, and the period within which to make such claims, is contrary to the express intent of the Legislature . . .” Id. at 284. Accordingly, the plaintiffs claim of negligent delivery of medical care did not “independently state a cause of action as an unfair or deceptive act under G.L.c. 93A, [or] by operation of 940 Code Mass. Regs. §3.16(3).” Id.
C. Home Depot
The plaintiffs’ sole claim against Home Depot in this case, unlike in Darviris, is statutory, that Home Depot’s violation of 830 Code Mass. Regs. §64H.1.4 violated G.L.c. 93A. Thus, the only relevant analysis from Darviris is the Court’s treatment of the intersection of G.L.c. 93A and G.L.c. 111, §70E. See id. at 281-84.
General Laws c. 93A declares unlawful “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce G.L.c. 93A, §2(a). An act or practice violates G.L.c. 93A, §2 if ”[i]t fails to comply with existing statutes ... meant for the protection of the public’s health, safely, or welfare . . ." 940 Code Mass. Regs. §3.16(3). As discussed above, unless “the area is one as to which the Legislature has expressly or implicitly covered the field in a way which precludes further remediation by regulation under G.L.c. 93A[,]” then a claim under *711 G.L.c. 93A for violation of that statute is proper. Darviris, 442 Mass. at 282, quoting American Shooting Sports Council, Inc., 429 Mass. at 881. Here, Home Depot argues that the sales tax code covers the field such that the plaintiffs’ G.L.c. 93A claim cannot stand as a matter of law. For the following reasons, this court agrees with Home Depot.
1. Covering the Field
As an initial matter, and as Home Depot has stated, the sales tax code is a broad statute that appears to govern every aspect of sales tax collection and enforcement including, but not limited to, its imposition (G.L.c. 64H, §2), collection (G.L.c. 64H, §3), calculation (G.L.c. 64H, §4), exemptions (G.L.c. 64H, §6), liability for failure to pay (G.L.c. 64H, §16), and application to specified items, transactions, and industries (G.L.c. 64H, §25-27A). The regulations expand on these provisions, specifying the items, transactions, and industries to which the sales tax applies (830 Code Mass. Regs. §§64H.1.1-64H.1.3, 64H.1.6-64H.8.1, 64H.6.5, 64H.25.1), and the taxation of discounts, coupons, and rebates on sales (830 Code Mass. Regs. §64H. 1.4). Noting this comprehensive scheme, Home Depot argues that the sales tax code and regulations cover the field and preclude remediation under G.L.c. 93A.
The above discussion notwithstanding, if the Attorney General had intended to enable purchasers to bring an action under G.L.c. 93A for overpayment of sales tax, the Attorney General should have promulgated a regulation to that effect. Pursuant to 940 Code Mass. Regs. §3.13, it is an unfair and deceptive act or practice “to fail to disclose to a buyer prior to any agreement the price or cost of any services to be provided . .. [or] to fail to affix to any goods offered for sale to consumers the price at which the goods are to be sold.” 940 Code Mass. Regs. §3.13(1)(a)(1)-(2); see, e.g., Herman v. The Home Depot, 436 Mass. 210, 211 & n. 1 (2002). Further, it is an unfair or deceptive act or practice “to charge a consumer an incorrect price for any item offered for sale.” 940 Code Mass. Regs. §3.13(1)(f). This regulation expressly contemplates G.L.c. 93A actions — both class actions and individual actions — for such failures to disclose the price of items or services, and sets forth various defenses. Id. §3.13(1)(e).
This regulation extends the scope of G.L.c. 93A to the incorrect pricing of items, but not to the application of an incorrect sales tax to items. See id. §3.13(1). The court will not expand the scope of G.L.c. 93A further in order to include actions based on the latter conduct. Cf. Commissioner of Corr. v. Superior Court Dep’t of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006) (holding that court should “not read into the statute a provision which the Legislature did not see fit to put there, nor add words that the Legislature had an option to, but chose not to include”). The sales tax code and regulations sufficiently cover the field, precluding the plaintiffs from seeking recoveiy under G.L.c. 93A.
2. Private Right of Action
The plaintiffs argue that, as the sales tax code is not an exhaustive scheme because it does not provide a private right of action,[7] it is reasonable to presume that the Legislature intended that individual purchasers seek their remedy under G.L.c. 93A. But see 940 Code Mass. Regs. §3.13(1) (providing that act or practice of incorrect pricing of items or services is unfair and deceptive under G.L.c. 93A). While the plaintiffs are correct in that the sales tax code and regulations do not provide a private right of action, its absence does not automatically permit actions under G.L.c. 93A. See Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 543 (1998) (“[A] clear legislative intent is necessary to infer a private cause of action from a statute”).[8]
“Violation of a specific statute that does not itself permit private recoveiy may give rise to a private claim under c. 93A if the violation amounts to an unfair method of competition or an unfair or deceptive practice independently prohibited by G.L.c. 93A, §2, and if recoveiy under c. 93A is compatible with the objectives and enforcement mechanisms the underlying statute contains.” Whitehall Co. Ltd. v. Merrimack Valley Distrib. Co., Inc., 56 Mass.App.Ct. 853, 858 (2002) (citations omitted). Assuming for purposes of this discussion only that Home Depot’s conduct violates G.L.c. 93A even absent a violation of 830 Code Mass. Regs. §64H.1.4,[9] the remedies set forth in the sales tax code and regulations are not compatible with G.L.c. 93A.[10]
Among the remedies provided for in the sales tax code are actions by the Commissioner to recover unpaid taxes, G.L.c. 62C, §31A, and 830 Code Mass. Regs. §62C.31A. 1; refunds by the Commissioner for payment of taxes received in error, G.L.c. 62C, §36; actions in contract by vendors to recover unpaid taxes, G.L.c. 64H, §3; applications for abatement, G.L.c. 62C, §37, see n.7, supra; and the issuance of fines and penalties by the Commissioner for failure to pay taxes, G.L.c. 62C, §33. The sales tax code provides no express remedy for purchasers to recover overcharged taxes. Nothing in the language of the statute reveals an intention to allow for the recoveiy of minimum statutoiy damages or multiple monetaiy damages, as would be available under G.L.c. 93A; there is no indication in the language of the statute that the Legislature intended to provide purchasers with more remedies than those available to vendors; and there is no language in the statute providing for the concurrent application of other laws. Moreover, the plaintiffs are not necessarily seeking an abatement but damages from the vendor, a remedy that the sales tax code expressly provides to the Commissioner. G.L.c. 62C, §§31 A, 33.
*712 “Where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.” Loffredo, 426 Mass. at 544. From the express language of the statute, it appears that the Legislature intended for disputes regarding the payment of taxes to be settled by (1) actions sounding in contract; (2) applications for abatement; or (3) actions by the Commissioner. At most, the court could infer from the statute an intent to allow purchasers to recover overpaid taxes by way of a common-law contract action against the vendors who have overcharged them. See G.L.c. 64H, §3 (providing that sales tax “shall be a debt from the purchaser to the vendor . . . and shall be recoverable at law in the same manner as other debts”). Thus, the mere absence of a private right of action in the sales tax code does not enable the plaintiffs to seek a remedy under G.L.c. 93A.
3. Public’s Health, Safety or Welfare
As noted above, the plaintiffs argue that the sales tax code was “meant for the protection of the public’s . . . welfare” thereby placing it within the scope of G.L.c. 93A. See 940 Code Mass. Regs. §3.16(3). In the 2002 Opinion, this court determined that 830 Code Mass. Regs. §64H.1.4 was “intended for the public’s economic benefit, thus for the public welfare.” 2002 Opinion, at *2. For the following reasons, that conclusion cannot stand.
In the 2002 Opinion, this court interpreted the phrase “public welfare” according to its plain meaning. Id. The dictionary definition of public welfare that informed the court’s conclusion was “[a] society’s well-being in matters of health, safety, order, morality, economics, and politics.” Id. (emphasis added) (alteration in original), quoting Black’s Law Dictionary 1588 (7th ed. 1999). The Department of Revenue’s own press release issued with the amendment to 830 Code Mass. Regs. §64H.1.4 added further support to the court’s conclusion as “it explained that the amended regulation would ‘eliminat[el the confusing nature of the current policy.’ ” Id. As the amendment was “intended for the public’s economic benefit,” id., it was “meant for the protection of the public’s welfare . . .” 940 Code Mass. Regs. §3.16(3).
The sales tax code, however, was promulgated “to provide for the unbroken continuation of certain taxes and excises necessary for expenditures of the Commonwealth.” St. 1967, c. 757.[11] While the state’s power to levy taxes “is founded on the right, duty and responsibility to maintain and administer all the governmental functions of the State, and to provide for the public welfare,” Lowell v. City of Boston, 111 Mass. 454, 460 (1873), and while “[i]t is elementary that taxes can be levied only for public purposes[,]” Knights v. Treasurer & Receiver Gen., 237 Mass. 493, 496 (1921), the primary purpose behind the act itself was not to protect the public — or, more specifically, purchasers — but to provide revenue to the Commonwealth. See Mass. Const., Part II, c. 1, §1, art. 4, as amended by art. 112 of the Amendments (authorizing Legislature with power “to impose and levy, reasonable duties and excises, upon any produce, goods, wares, merchandise, and commodities, whatsoever”); G.L.c. 14, §1 (“[T]he tax revenues that support a free and open government depend upon a tax system in which its citizens have the highest degree of public trust and confidence . . .”)
Interestingly, in Hershenow v. Enterprise Rent-A-Car Co. of Boston, the Supreme Judicial Court reads 940 Code Mass. Regs. §3.16(3) as providing “that an act or practice is a violation of §2 of G.L.c. 93A, if it fails to comply with consumer protection statutes, rules, regulations, or laws.” 445 Mass. 790, 795 (2006) (emphasis added). “An excise . . . imposed upon sales at retail ... of tangible personal properly” cannot reasonably be characterized as a consumer protection statute. G.L.c. 64H, §2; see First Agric. Nat’l Bank v. State Tax Comm’n, 353 Mass. 172, 178 (1967) (noting that sales tax is “in part a levy on the vendor for the privilege of selling at retail”). In this respect, the statutes at issue in Piccuirro v. Gaitenby, 20 Mass.App.Ct. 286 (1985), and MacGillivary v. W. Dana Bartlett Ins. Agency of Lexington, Inc., 14 Mass.App.Ct. 52 (1982), to which this court likened the sales tax code in the 2002 Opinion, are distinguishable and support the conclusion that the sales tax code is not meant for the protection of the public’s welfare.
In Piccuirro, the court found the defendant, a real estate broker and board of health member, violated G.L.c. 93A, §2, by selling the plaintiffs a piece of land unsuitable for a septic system despite approving their application for the installation of the septic system. 20 Mass.App.Ct. at 290. The defendant failed to comply with “at least two . . . regulations designed to protect the public health: (1) Environmental Code Regulation 14.2(f), which required an overnight soil saturation test if the percolation rate was slower than ten minutes per inch, and (2) Environmental Code Regulation 2.3, requiring that a plan accompany an application to construct a sewage disposal system.” Id. at 291. In MacGillivary, the court held that G.L.c. 175, §160, was within the scope of 940 Code Mass. Regs. §3.16(3) because that statute “discloses a legislative intention to protect the public from the risks attendant upon doing business with insurance companies not authorized to write policies in Massachusetts.” 14 Mass.App.Ct. at 56. Therefore, the defendant’s “negligent violation ... of G.L.c. 175, §160, must be taken to constitute a violation of G.L.c. 175, §160.” Id. at 61.
The immediate result of the statutes at issue in Piccuirro and MacGillivary is the protection of the public health and safety in Piccuirro and welfare in MacGillivary. Although, as noted above, the levying of taxes is part of the state’s responsibility to provide for the public welfare, Lowell, 111 Mass. at 460, the immediate result of taxation is the collection of revenue for the Commonwealth. That revenue, in turn, *713 must be put to a public purpose. See Knights, 237 Mass. at 496. The sales tax code therefore is not a “consumer protection-statute” within the scope of 940 Code Mass. Regs. §3.16(3). See Hershenow, 445 Mass. at 795. Consequently, this violation of the sales tax code and its regulations does not violate G.L.c. 93A.
D. Conclusion
For these reasons, this court exercises its discretion to review and undo the work of another judge up until the time of final judgment. This court changes the holding in the 2002 Opinion that the plaintiffs are entitled to judgment as a matter of law under G.L.c. 93A. Based on a close reading of Darviris and an application of the reasoning applied in that case to the facts, the statute, and the regulations at issue in this case, the plaintiffs’ G.L.c. 93A claim cannot stand as a matter of law because the sales tax code and regulation cover the field in such a way as to preclude such an action. Accordingly, Home Depot’s motion for summary judgment is ALLOWED, and the plaintiffs’ motion for summary judgment for damages — based on the premise that 2002 Opinion established Home Depot’s liability — is DENIED.[12]
ORDER
For the foregoing reasons, Home Depot’s motion for summary judgment is ALLOWED and the plaintiffs’ motion for summary judgment is DENIED.

McGonagle v. Home Depot U.S.A., Inc., Civil No. 01-1208, 2002 WL 31956999 (Middlesex Super.Ct. Nov. 26, 2002) (Lauriat, J.) [15 Mass. L. Rptr. 487].

There is a second subclass, for which plaintiff Paul Cass (“Cass”) is the class representative. Cass purchased light bulbs from a Massachusetts Home Depot in February 2001. He used “a $5.00 coupon and was charged sales tax on the pre-rebate purchase price.” Id. In December 2004, this court (Gershengorn, J.) allowed Home Depot’s motion for summary judgment as to that subclass’s claims on the basis that the coupons at issue did not qualify as “cash discounts” under G.L.c. 64H and 830 Code Mass. Regs. §64H.1.4. McGonagle v. Home Depot U.S.A., Inc., Civil No. 01-1208 (Middlesex Super.Ct. Dec. 13, 2004) (Gershengorn, J.) [18 Mass. L. Rptr. 576], In making this decision, this court deferred to the opinion of the Commissioner of Revenue, submitted at the court’s invitation as an amicus curiae brief.
The Cass subclass is not relevant to this decision, and the term “plaintiffs” as used in this decision refers only to those parties in the subclass for which McGonagle is the representative.

A “vendor” is “a retailer or other person selling tangible personal property or services of a kind the gross receipts from the retail sale of which are required to be included in the measure of the tax imposed by this chapter.” G.L.c. 64H, §1 (2006 Sup.). There is no dispute that Home Depot is a “vendor.” See id. Additionally, there is no dispute that Home Depot complied with the statute in remitting to the Commissioner of Revenue the sales taxes it collected. See id.

“ ‘[A] manufacturer’s coupon’ is a coupon issued by the manufacturer, supplier or distributor of tangible personal property to be redeemed by a retail purchaser of that property.” Id. There is no dispute that the coupons the plaintiffs used in this case were manufacturer’s coupons.

Section 2(c) of G.L.c. 93A authorizes the Attorney General “to make rules and regulations interpreting the provisions of’ subsection 2(a) of G.L.c. 93A.

General Laws c. 62C deals with administrative provisions relative to state taxation and applies “to the taxes imposed by linter alia] . . . chapters sixty-two through sixty-five C, inclusive.” G.L.c. 62C, §2. General Laws c. 64H is included in the scope of G.L.c. 62C. Further, the statute defines the term “tax” as “any tax, excise, interest, penalty, or addition to tax imposed by this chapter or the statutes referred to in section two.” Id. §1 (emphasis added). With the sales tax code, as discussed above, “[a[n excise is hereby imposed upon sales at retail. . .” G.L.c. 64H, §2 (emphasis added). It is therefore clear that the provisions of G.L.c. 62C apply to G.L.c. 64H. See also Sholley v. Secretary of the Commonwealth, 59 Mass.App.Ct. 121, 125 (2003) (“Statutes concerning a common topic should ... be read as a whole to produce an internal consistency and to effectuate the presumed intention of the Legislature.” (quoting Commonwealth v. Connor C., 432 Mass. 635, 640 (2000))).
Among those provisions set forth in G.L.c. 62C is the section concerning abatements.
Any person aggrieved by the assessment of a tax, other than a tax assessed under chapters sixty-five or sixty-five A [concerning the taxation of legacies and estates], may apply in writing to the commissioner, on a form approved by him, for an abatement thereof at any time within three years from the last day for filing the return for such tax, ... or within one year from the date that the tax was paid, whichever is later . . .
G.L.c. 62C, §37; see 830 Code Mass. Regs. §62C.37.1(1)-(2) (same). The abatement applicant may request a hearing “and if the commissioner finds that the tax is excessive in amount or illegal, he shall abate the tax, in whole or in part, accordingly.” G.L.c. 62C, §37.
Case law indicating that a “person aggrieved” and therefore eligible to seek an abatement is the party responsible for paying the tax to the Commonwealth, i.e., the vendor, is arguably distinguishable from this case. For example, in Harvard Business Sch. Ass’n of Boston v. Department of Revenue, the plaintiff sought an abatement for the sales tax it had paid for its purchases, arguing that its status as a charitable non-profit association rendered it exempt from sales tax. Docket No. 144464, *1 (Appellate Tax Board Nov. 10, 1986), citing G.L.c. 64H, §6(e). The Appellate Tax Board agreed that the plaintiff was exempt from paying sales tax, but noted that the plaintiff failed to follow the statutory procedure of informing the vendors of its status at the time it made its purchases. Id. at *3, citing G.L.c. 64H, §6(e). On these facts, the plaintiff could not “complain therefore that the sales taxes were ‘wrongfully’ collected and assessed . . . [and consequently had no] standing under G.L.c. 62C, §37 to apply for an abatement as a ‘person aggrieved by the assessment of a tax,’ or under section 39 as a ‘person aggrieved by the refusal of the commissioner to abate a tax.’ ” Id.
The Appellate Tax Board also dismissed the plaintiffs “argument that it [was] a ‘person aggrieved’... on the basis that the economic burden of the tax [fell] on” it, relying on two Supreme Judicial Court cases for the proposition that “the legal liability, or incidence, of the tax was upon the vendor.” Id. The first case the Appellate Tax Board relied on was First Agric. Nat'l Bank v. State Tax Comm’n, 353 Mass. 172 (1967), rev’d on other grounds, 392 U.S. 339 (1968). Id. There, the plaintiff was a national banking association organized under 12 U.S.C. §21, and it claimed it was exempt from paying sales tax on its purchases of tangible personal property. First Agric. Nat’l Bank, 353 Mass. at 173.
After concluding that the exemption provision in the sales tax code did not apply to the plaintiff as it was not the type of “agency” the Legislature intended the exemption to reach, *714 id. at 175-76, the Court considered whether Imposing a sales tax on the plaintiff, a national bank, would be unconstitutional. Id. at 177. An exemption on these grounds would be “controlled by whether the purchaser or the vendor bears the legal incidence of the Massachusetts sales . . . tax.” Id. Although “[t]he economic burden of the tax is almost universally passed along to the purchaser[,]” id. at 178, the vendor’s “liability to the State remains at three [now five] per cent of [its] gross receipts whether or not [it] chooses to collect the tax from [its] purchasers.” Id. at 180. The vendor is exclusively responsible for payment to the Commonwealth, thereby making it the “taxpayer.” Id at 179. Therefore, given that “[t]he legal incidence of a tax has been held by the Supreme Court of the United States to be determined by ‘who is responsible or payment to the state of the exaction[,]’ ” id. (ellipses in original), quoting Kern-Limerick, Inc. v. Scurlock, 347 U.S. 110, 121-22 (1954), the plaintiff was not entitled to an exemption from sales tax on the grounds that its status as a national bank made such payment unconstitutional. Id. at 181. As the plaintiff was not entitled to an exemption, the Court did not consider the issue of whether the plaintiff would be entitled to reimbursement of the sales taxes it had paid if it had been entitled to the exemption. See id.
In Supreme Council of Royal Arcanum v. State Tax Comm'n, the second case the Appellate Tax Board relied on, the plaintiff, a fraternal benefit society, sought a declaration that it was exempt from paying sales taxes on its purchases. 358 Mass. 111, 112 (1970). Following its own precedent, the Court held “that the incidence of the sales tax on the goods purchased in Massachusetts [was] not upon [the plaintiff], and that there [was] therefore no basis for an exemption." Id. at 113 citing First Agric. Nat'l Bank, 353 Mass. at 177-81. As with First Agric. Nat’l Bank, the Court had no reason to consider whether the plaintiff would be entitled to any reimbursement because it had properly paid the sales tax. See id.
Here, however, the plaintiffs are not challenging Home Depot’s having charged them sales tax. Rather, the plaintiffs claim that Home Depot overcharged them not because of their status as a certain type of purchaser, but because they had a coupon. Thus, while this court does not decide this case on these grounds, it notes that First Agric. Nat’l Bank and Supreme Council of Royal Arcanum do not necessarily stand for the proposition that no purchaser can seek an abatement for overcharging, especially in light of the statutory and regulatory language concerning abatements discussed above. The statute does not expressly preclude a purchaser from seeking an abatement for overpayment of sales tax, but it anticipates a situation where the vendor would seek an abatement. See G.L.c. 62C, §37. In that situation, “no actual refund of money shall be made to such person [vendor] until he establishes to the satisfaction of the commissioner... that he has repaid to the purchaser the amount for which the application for refund is made.” Id If the Legislature had intended to permit only vendors to seek an abatement of overpaid sales taxes, and not purchasers, the Legislature would have made that intention clear. Cf. Doe v. Superintendent of Schs. of Worcester, 421 Mass. 117, 128 (1995) (“If the Legislature intentionally omits language from a statute, no court can supply it").
This conclusion is especially reasonable given the fact that the Legislature placed this reference to the treatment of vendors after the paragraph concerning the post-abatement application procedure, thereby indicating that deviations from that procedure occur only if the abatement seeker is a vendor who collected the sales taxes. The conclusion is also reasonable in light of the fact that, with this treatment of vendors, the Legislature appears to be protecting the purchaser; prohibiting the consumer from seeking his own abatement would contradict that attempt to secure the purchaser’s right to repayment. This court’s conclusion concerning the Legislature’s intent to protect the purchaser by providing a right to abatement does not affect the discussion, below, regarding whether the sales tax code “was meant for the protection of the public’s health, safety, or welfare . . .” 940 Code Mass. Regs. §3.16(3). To hold otherwise would result in the conclusion that all statutes providing for a private right of action are meant for the protection of the public’s health, safety, or welfare. Moreover, the plaintiffs have alleged that Home Depot violated the sales tax code, not G.L.c. 62C, §37.

The plaintiffs claim specifically that Home Depot violated 830 Code Mass. Regs. §64H.1.4. Although the plaintiffs have not asked this court to recognize a private cause of action in this regulation, the court notes that the Supreme Judicial Court has held that “A private cause of action cannot be inferred solely from an agency regulation.” Loffredo, 426 Mass. at 546.

Given the regulation explicitly providing for actions under G.L.c. 93A for the incorrect pricing of items, it is likely that the overcharging of sales tax is not an unfair or deceptive act or practice that G.L.c. 93A prohibits. See 940 Code Mass. Regs. §3.13; cf Commissioner of Corr., 446 Mass. at 126. The court need not resolve this issue, however. For this reason, too, and notwithstanding the propriety of a federal agency regulating state law, this court need not consider the holding in Darviris that the Legislature intended the courts’ interpretation of and the Attorney General’s promulgation of rules and regulations concerning G.L.c. 93A should be “guided by administrative and judicial interpretation of the [Federal Trade Commission] Act.” 442 Mass. at 281 (alteration in original), quoting American Shooting Sports Council Inc., 429 Mass. at 875. Specifically, the Federal Trade Commission Act provides that “[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce are hereby declared unlawful.” 15 U.S.C. §45(a)(1); see, e.g., Beneficial Corp. v. Federal Trade Comm'n, 542 F.2d 611, 620 (3d Cir. 1976) (holding that Federal Trade Commission had authority to regulate plaintiffs tax preparation business because Internal Revenue Code provision “preserving the confidentiality of tax return information” was not inconsistent with Federal Trade Commission Act which “is aimed at preventing unfair and deceptive acts and practices”).

As discussed below, the objectives of the sales tax code and regulations are incompatible with G.L.c. 93A because they were not meant for the protection of the public’s health, safety, or welfare. See 940 Code Mass. Regs. §3.16(3). Moreover, “G.L.c. 93A was designed ‘to encourage more equitable behavior in the marketplace . . . [and impose] liability on persons seeking to profit from unfair practices.’ ” Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 25 (1997), quoting Poznik v. Massachusetts Med. Prof'l Ins. Ass’n, 417 Mass. 48, 53 (1994). Arguably, here, Home Depot, as a vendor, did not profit from collecting sales tax because it is undisputed that it turned over to the Department of Revenue all of the sales tax it collected. See G.L.c. 64H, §2 (“The excise shall be paid by the vendor to the commissioner [of revenue] . . .").

With St. 1967, c. 757, the Legislature made permanent the sales tax it imposed on a temporary basis under St. 1966, c. 14.

In addition to its opposition to the plaintiffs’ motion for summary judgment on damages, Home Depot moved to strike portions of the plaintiffs’ motion for summary judgment. Given this court’s denial of the plaintiffs’ motion, Home Depot’s motion to strike is moot.