Fremont-Smith, Thayer, J.
On June 21, 2007 the case was heard by an arbitrator pursuant to a valid written agreement between the parties to arbitrate their dispute with the National Arbitration Forum. On October 30, 2007, the arbitrator rendered his findings and conclusions, wherein he found for the defendants and ordered that the case be dismissed. The defendants have now moved to confirm the award and the plaintiffs have moved to vacate it.
The arbitration agreement provides that claims against Dell “shall be resolved exclusively and finally by binding arbitration administered by the National Arbitration Forum” but that the award “may be reviewed by a court with jurisdiction to determine whether the Arbitrator properly applied the applicable substantive law and whether the arbitration complied with applicable procedural and arbitration laws." Plaintiffs contend that the arbitration failed to apply the applicable substantive law because he ruled that G.L.c. 93A was unavailable to plaintiffs as the agreement provided that Texas law would control.
However, it is not necessary to decide whether the arbitrator erred in that respect because he found, in the alternative, that even if G.L.c. 93A did apply, no violation of c. 93A had been shown. He found, as a factual matter:
at best, it can be shown that [defendants] may have been in error as to whether or not optional service contracts were exempt from Massachusetts state tax. However, that “error,” if it was made, was made in good faith and, in my view does not rise to a violation of c. 93A, much less a knowing or willful violation of the statute. Nor do I find that Respondents engaged in any unconscionable conduct toward the claimants.
(Arbitrator’s decision, para. 21.)
Plaintiffs contend that these are not mere findings of fact but that his above findings are errors of law in that defendants’ erroneous collections of sales tax on service contracts violated Attorney General Regulations which makes it a per se violation of 93A if a person shall:
Fail to comply with existing statutes, rules, regulations or laws, intended for the protection of the public’s health, safely, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection.
940 C.M.R. 3.16(3).
In this regard, plaintiffs rely on Daviras v. Petras, 442 Mass. 274 (2004), where the Supreme Judicial Court opined that a violation of G.L.c. Ill, §70E (which is entitled “patients’ and residents’ rights”), ’’might in some circumstances create a violation of G.L.c. 93A as a result of violating 940 C.M.R 3.16(3) even if a physician’s negligence [i.e., malpractice] were not established."
But the hospital patients’ “bill of rights” created by c. Ill, §70E is manifestly a statute “intended for the protection of the public’s health, safety, or welfare,” whereas a sales tax statute is not. Moreover, as stated in McGonagle v. Home Depot U.S.A, Inc., 22 Mass. L. Rptr., 708 (Mass.Super. 2007), “the sales tax code is a broad statute that appears to govern every aspect of sales tax collection and enforcement.” Id. The opinion points out that while other Attorney General regulations cited do extend the scope of c. 93A to a wrongdoer’s incorrect pricing of items for sale, there is no A.G. regulation which extends the scope of c. 93A to the erroneous collection of a sales tax. The court concluded that “the sales tax code and regulations sufficiently cover the field, precluding the plaintiffs from seeking recovery under G.L.c. 93A.” Id. The Court agrees that, in the circumstances here,[1] no per se violation of c. 93A has been shown.
Plaintiffs further contend that, regardless of the fact that the arbitrator did render rulings and findings with respect to c. 93A (notwithstanding his earlier ruling that the parties’ choice of Texas law made c. 93A inapplicable) the arbitrator should have declined jurisdiction where, as here, the arbitration contract barred a class action.[2] Whether or not the lawsuit was certified as a class action, however, would not have changed in any respect the plaintiffs’ liability claim, but would have affected only plaintiffs’ purported damages. Where, as here, the arbitrator did consider and rule on the plaintiffs’ c. 93A liability claim and found for the defendants, it is a moot question whether his refusal to certify a class action was in error.
Finally, plaintiffs challenge the arbitrator’s impartiality because he was not persuaded by plaintiffs’ evidence of defendants’ dishonesty. Where, as here, *653 however, there is lacking even an iota of evidence that the arbitrator had a conflict of interest, or was otherwise not disinterested, a court will not weigh the evidence in order to overturn an arbitrator’s findings of fact. See cases cited in “Defendant’s Reply Memorandum in Support of Their Cross-motion to Confirm Arbitration Award.”
It must be added that, after this memorandum was written, the United States Supreme Court decided Hall Street Associates, L.L.C. v. Mattel, Inc., 2008 WL 62537 (March 25, 2008). In moving to vacate the decision of the arbitrator in that case under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (“FAA”), the plaintiffs argued that the arbitrator made various asserted errors of law, that the rules of the National Arbitration Forum under which the parties contracted, did permit judicial review of legal (but not factual) errors, and that the FAA permits the Court to undertake such review, citing for the last point Gateway Technologies, Inc. v. MCI Telecommunications Corp., 64 F.3d 993, 997 (5th Cir. 1995), and Puerto Rico Tel Co., Inc. v. U.S. Phone Mfg. Corp., 427 F.3d 21, 31 (1st Cir. 2005). The U.S. Supreme Court, however, held that judicial review of an arbitrator’s asserted legal errors is impermissible under the FAA.
In Hall Street Associates, L.L.C. v. Mattel Inc., supra, the Supreme Court held that the parties could not by agreement expand upon the grounds for judicial review of an arbitration award because “the test [of the FAA] compels a reading of the §§10 and 11 categories as exclusive.” 2008 WL 762537, *6. Moreover, the Court held that under 9 U.S.C. §9, a court must “grant confirmation in all cases, except when one of the ‘prescribed’ exceptions [in §§10 and 11] applies.” Id.[3]
The Court did note that its ruling would not affect review under state statutes or common law where the FAA does not apply, id. at * 8, but in the present case, the parties agree that the FAA does apply due to their interstate, commercial relationships. The plaintiffs have accordingly sought vacatur under the FAA rather than státe law. This Court therefore may review the arbitration award for vacatur only on such grounds as are provided by sections 10 and 11 of the federal statute. The Court finds that the arbitrator has not been shown to have violated any of said provisions.

ORDER

Accordingly, plaintiffs’ motion to vacate the arbitrator’s award is DENIED, and defendants’ motion to confirm the award is ALLOWED. Final judgment shall be entered for the defendants dismissing the plaintiffs’ complaint with prejudice.

The arbitrator was unpersuaded that defendants’ collections of sales tax on the optional service contracts was in error. He noted that Dell at one point, did request clarification from DOR but received no substantive response, Arbitrator’s Decision paras. 9-15, and found that defendants, while they “may have been in error as to whether or not optional service contracts were exempt from Massachusetts state tax,” any such “error, if made, was made in good faith.” (Arbitrator’s Decision, para. 21.) In short, the arbitrator concluded that, on all of the evidence, a violation by defendants of the Massachusetts tax law was not clearly established and was, in any event, not intentional.

Plaintiffs contend that the arbitration agreement’s prohibition of a class action violated public policy.

§10 provides that the Court may vacate an award only:
(1) where the award was procured by corruption, fraud, or undue means:
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
§11 permits a Court to modify or correct an award only:
(a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
(b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;
(c) where the award is imperfect in matter of form not affecting the merits of the controversy.