Fremont-Smith, Thayer, J.
In this case, the Su-
preme Judicial Court has reversed this Court’s confirmation of an arbitrator’s award (which found in favor of the defendants) on the ground that the arbitration agreement itself was void because it violated public policy so that arbitration should not have been compelled in the first place.[1] The Supreme Judicial Court ruled that the arbitration clause in Dell’s standard terms and conditions document “is contrary to the fundamental public policy of the Commonwealth favoring consumer class actions under G.L.c. 93A.” Feeney v. Dell, Inc., 454 Mass. 192, 193 (2009). The Feeney Court went on to consider whether plaintiffs complaint should be dismissed in any event because it failed to state a claim for which relief could be granted under c. 93A. It held:
In their “statement of facts” in their initial brief to this court, the plaintiffs suggest that the defendants collected tax in connection with the sales of service contracts as part of an attempt to transfer the tax burden on repair parts for Dell hardware from the repairer, whether Dell or Banc Tec, to the customer. If true,... such an allegation could conceivably state a claim under G.L.c. 93A, to the extent that it demonstrated a profit-seeking motive for the collection of the tax. Where, as here, the plaintiffs made no such allegation in their complaint, dismissal is warranted ... In these circumstances, however, “we think it appropriate to give the plaintiffs the opportunity to file an amended complaint.”
Id. at 213-14 (emphasis added) (footnote omitted), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 635 (2008).
Plaintiffs’ third amended complaint plainly does allege a profit-seeking motive for collection of the tax, but defendants now seek to dismiss this complaint pursuant to Mass.R.Civ.P. 12(b)(6), because “the Massachusetts sales tax code is a comprehensive scheme that covers the field of sales tax collection and enforcement, and precludes the plaintiffs from asserting claims under c. 93A,” and because, pursuant to Mass.R.Civ.P. 19(a), plaintiffs “have failed to name a necessary and indispensable party” — i.e., the Massachusetts Department of Revenue (“DOR”).
In oral argument, defendants rely heavily on the very recent decision of the Appeals Court in McGonagle v. Home Depot, 2009 WL 3449691 (Oct. 29, 2009).[2] There, plaintiffs alleged that Home Depot had charged excessive sales tax to customers. The Appeals Court affirmed the Superior Court’s allowance of summary judgment to the defendant. As described by the Appeals Court,
The sole theory and count of liability was the claim that the overcharge constituted an unfair or deceptive practice against customers. They sought statutory damages or at least twenty-five dollars per customer plus trebling and reasonable attorneys fees pursuant to c. 93A, §9(3).
Insofar as germane to this case, the Court held:
A final indicator of the inapplicability of c. 93A liability would be the presence of a comprehensive and specific alternate scheme of regulation of the targeted conduct in actual or potential conflict with the standards and remedies of the chapter. See Darviris, supra at 282-84, 812 N.E.2d 1188 (medical malpractice statute precluded a claim under c. 93A). See, e.g., Reiter Oldsmobile, Inc. v. General Motors Corp., 378 Mass. 707, 711, 393 N.E.2d 376 (1979) (remedies under c. 93A are unavailable because G.L.c. 93B creates coherent and more specific standards and measures for the business practices among motor vehicle manufacturers, distributors, and dealers): Fleming v. National Union Fire Ins. Co., 445 Mass. 381, 385-86, 837 N.E.2d 1113 (2005) (comprehensive nature of the workers’ compensation provisions of G.L.c. 23E and 152 *298 renders c. 93A unavailable to covered injured employees) . . . The conflicting ends and means of the two statutory systems support the inference that the Legislature did not intend their application to the same conduct. The specific tax code provisions should preempt the general c. 93A provisions. See Reiter Oldsmobile, Inc., supra.
The Appeals Court explained:
Actionable c. 93A conduct must occur “in a business context.” Lantner v. Carson, 374 Mass. 606, 611 (1978). While the purchases here might fit loosely within that phrase, the more specific test established by the Darviris decision is that the misconduct have an entrepreneurial, commercial or business purpose, that it serve the actor’s financial benefit or gain. 442 Mass. at 278-81. The formulation in Feeney is that the challenged conduct must be “motivated by business or personal reasons.” 454 Mass. at 212-13, quoting from Posnik v. Massachusetts Med. Professional Ins. Assn., 417 Mass. 48, 52.
As in this case, plaintiffs then sought to amend the complaint to allege that Home Depot was “motivated by personal or business reasons,” i.e., by a “profit motive,” as required by Feeney, but the Court declined to permit an amendment.
The Court said:
Amendments should be reasonably timely. Extreme tardiness and the resulting prejudice to the opposing party warrant denial. See e.g., Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 292, 361 N.E.2d 1264 (1977); Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264-65, 565 N.E.2d 1180 (1991); DiVenuti v. Reardon, 37 Mass.App.Ct. 73, 77, 637 N.E.2d 234 (1994). Eight years of litigation are enough. We exercise our discretion to deny the request to amend.
Here, the SJC has allowed the third amended complaint to be filed and that complaint specifically alleges that defendants knowingly and willfully engaged in a number of unfair or deceptive business practices — including the false representation of charges for service contracts on invoices issued to customers, the overriding of default settings for service contracts in the tax compliance software licensed to Dell, and the effective transfer of defendants’ own liability for use tax on repair parts to their customers. The complaint further alleges that these practices were “motivated by business reasons — principally, to maximize profits." Plaintiffs contend that it is the sum of all these practices, and not merely an “improper collection of sales tax,” that are alleged to “constitute unfair or deceptive acts or practices declared to be unlawful by G.L.c. 93A, §2, and/or the regulations issued thereunder by the Massachusetts Attorney General.”[3]
Thus, the relief sought by plaintiffs’ third amended complaint is not merely the repayment of taxes wrongfully assessed against Home Depot’s customers, for which the tax laws of the Commonwealth provide the sole redress, as was the situation in Feeney, but the relief sought is for the allegedly unfair and deceptive manner in which this was done.
Moreover, the failure to name a public entity as a party defendant “is not sufficient to require dismissal” under Mass.R.Civ.P. 19(a). Stock v. Mass. Hosp. Sch., 392 Mass. 205, 214 (1984), cert. denied sub nom. Mass. Hosp. Sch. v. Stock, 474 U.S. 844 (1985).
ORDER
For this and for the other reasons stated in plaintiffs’ memorandum and at oral argument, defendants’ motion to dismiss the third amended complaint is DENIED.

Order dated October 28, 2004 (Bohn, J., docket #22). [Editor’s Note: For another trial court opinion in this matter see 23 Mass. L. Rptr. 651 (Fremont-Smith, Thayer, J.).]

No official citation is yet available. [Editor’s Note: For trial court opinions in the McGonagle case, see 22 Mass. L. Rptr. 708, 18 Mass. L. Rptr. 576, and 15 Mass. L. Rptr. 487.1

For purposes of a motion to dismiss, these allegations are to be taken as true.